1:25-cr-00513
Judge Jeremy C. Daniel
Magistrate Judge Young B. Kim
RANDOM/CAT.4



FILED
8/26/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

QR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> JOSEPH NICOLAZZI | No. <br><br> Violations: Title 18, United States Code, Sections 1343 and 1957 |

### COUNT ONE

The SPECIAL MAY 2024 GRAND JURY charges:

1. At times material to this indictment:

**INDIVIDUALS AND ENTITIES INVOLVED**

    a. Defendant JOSEPH NICOLAZZI was the owner of TTS Granite, a granite company based in Steger and Mokena, Illinois. Until on or about July 22, 2024, NICOLAZZI owned a residential property in South Chicago Heights, Illinois (the "South Chicago Heights Property"). Until on or about July 29, 2024, NICOLAZZI owned a residential property in Homewood, Illinois (the "Homewood Property") through a NICOLAZZI family trust (the "NICOLAZZI Family Trust").

    b. Individual A was a relative of NICOLAZZI who was employed at TTS Granite. On or about October 10, 2022, Individual A filed or caused to be filed Articles of Organization for Company A. Individual A was listed as the sole manager of Company A. Company A had a bank account at Old National Bank.

    c. On or about July 22, 2024, the South Chicago Heights Property was deeded from NICOLAZZI to Company A. On or about July 29, 2024, the Homewood Property was deeded from the NICOLAZZI Family Trust to Company A.

  d. Individual B was a resident at the Homewood Property.

  e. Individual C was a TTS Granite employee and resident at the South Chicago Heights Property.

  f. Individual D was the owner of Company B, a company that provided lending and mortgage services to clients.

  g. Company D owned Company C and provided financing to real estate investors and lenders. Among other types of financing, Company D provided "cash out loans" related to residential properties, wherein a borrower used a property or properties as security for a cash loan.

  h. Real estate lending businesses required applicants for loans, including cash out loans, to provide truthful information, including about the underlying property's financial condition and revenue-generating history, as well as the intended disposition of the loans, which information was material to lenders' approval, terms, and funding of loans.

  i. Old Republic National Title provided title services, including to Company A, and had a bank account at Wintrust Bank.

**THE SCHEME TO DEFRAUD**

2. Beginning no later than in or around May 2024, and continuing through in or around August 31, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH NICOLAZZI,

defendant herein, did knowingly devise, intend to devise, and participate in a scheme to defraud and obtain money from Company D by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described in the following paragraphs.

3. It was part of the scheme that NICOLAZZI obtained cash out loans on the Homewood Property and the South Chicago Heights Property totaling approximately $348,355 by making and causing to be made materially false representations and promises in documents submitted to Company C and Company D concerning, among other things, lease agreements and rental payment records for the properties.

4. It was further part of the scheme that, as part of the loan application process, NICOLAZZI caused to be prepared and submitted to Company C and Company D fraudulent and false leases the South Chicago Heights Property and the Homewood Property knowing that the leases identified fictitious tenants with fictitious rent amounts.

5. It was further part of the scheme that, as part of the loan application process, NICOLAZZI caused to be prepared and submitted to Company C fraudulent

3

and false rental payment records for the South Chicago Heights Property and the Homewood Property knowing that the rental payment records did not accurately reflect rent collected from tenants for the South Chicago Heights Property and the Homewood Property.

6. It was further part of the scheme that, as part of the loan application process, NICOLAZZI falsely represented "that the sole purpose of the [loans] is to finance the purchase and/or rehabilitation and resale of [the South Chicago Heights Property and the Homewood Property], or the renting out of [the South Chicago Heights Property and the Homewood Property]," when NICOLAZZI knew that he intended to use the funds from the loans to, among other things, pay off debts associated with TTS Granite.

7. It was further part of the scheme that NICOLAZZI concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

8. On or about July 22, 2024, at Orland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH NICOLAZZI,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $117,597.67 from a bank account associated with Company D at KeyBank to an Old Republic National Title Wintrust Bank Account;

In violation of Title 18, United States Code, 1343.

## COUNT TWO

The SPECIAL MAY 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 7 of Count One of this indictment are incorporated here.

2. On or about July 30, 2024, at Orland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JOSEPH NICOLAZZI,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $230,757.88 from a bank account associated with Company D at KeyBank to an Old Republic National Title Wintrust Bank Account;

In violation of Title 18, United States Code, 1343.

## **COUNT THREE**

The SPECIAL MAY 2024 GRAND JURY further charges:

On or about July 24, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH NICOLAZZI,

defendant herein, knowingly engaged in a monetary transaction, namely, defendant caused the withdrawal of $20,000 from a bank account associated with Company A at Old National Bank, which cash withdrawal was in and affecting interstate commerce and involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957.

**COUNT FOUR**

The SPECIAL MAY 2024 GRAND JURY further charges:

On or about August 14, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH NICOLAZZI,

defendant herein, knowingly engaged in a monetary transaction, namely, defendant caused the withdrawal of $20,000 from a bank account associated with Company A at Old National Bank, which cash withdrawal was in and affecting interstate commerce and involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957.

**FORFEITURE ALLEGATION**

The SPECIAL MAY 2024 GRAND JURY further alleges:

1. The allegations contained in Counts One and Two of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of the violations of Title 18, United States Code, Section 1343, as alleged in the foregoing indictment,

JOSEPH NICOLAZZI,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include, but are not limited to, approximately $348,355.

4. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred of sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture or substitute property, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____

FOREPERSON

_____

Signed by Sarah Streicker on behalf of
ANDREW S. BOUTROS
United States Attorney